# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Respondent, <br><br> v. <br><br> DARNELL DOLLISON, <br><br> Petitioner. | Case No. 3:09-cr-00106-SLG-MMS |

## ORDER RE FINAL REPORT AND RECOMMENDATION REGARDING HABEAS CORPUS PETITION UNDER 28 U.S.C. § 2255 [DOCS. 75, 91]

Before the Court at Dockets 75 and 91 are, respectively, Petitioner Darnell Dollison's Petition and Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255. The United States filed a response in opposition at Docket 103. Mr. Dollison filed a reply at Docket 108, and a merits brief at Docket 121.

The motion was referred to the Honorable Magistrate Judge Matthew M. Scoble. At Docket 126, Magistrate Judge Scoble issued his Initial Report and Recommendation, in which he recommended that the petition be denied. The United States objected to the Initial Report and Recommendation at Docket 127, and Mr. Dollison did so at Docket 128. The United States filed responses to Mr. Dollison's objections at Docket 129, and amended responses at Docket 131.

At Docket 132, Magistrate Judge Scoble issued his Final Report and Recommendation ("FRR"), in which he recommended that the petition be denied. The government objected to the FRR at Docket 135, and Mr. Dollison did so at

Docket 136. The government filed responses to Mr. Dollison's objections at Docket 137. Mr. Dollison filed a response to the government's objections at Docket 138.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3] Accordingly, the Court accepts those portions of the FRR to which no subsequent objections were filed.

On de novo review, the Court addresses the parties' objections as follows:

*1. Factual findings on drug purity*

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Case No. 3:09-cr-00106-SLG, *United States v. Dollison*
Order re Final Report and Recommendation regarding Habeas Corpus Petition under 28 U.S.C. § 2255 [Docs. 75, 91, 108, 121]
Page 2 of 9

The government's first objection relates to the FRR's factual findings on the level of drug purity. The Court concurs with the government's assertion that the State of Alaska Crime Lab did not test for the purity of the cocaine.[4] The Magistrate Judge's finding to the contrary is rejected.[5] The Court makes no finding regarding the purity level of Mr. Dollison's cocaine.

*2. Hypothetical false positive result*

The government's second objection is to the FRR's finding that "if the evidence contained only a non-controlled substance before the sale, a reference sample adulterated with that same substance would incorrectly yield a positive test result."[6] As explained in the Affidavit of Charles Foster appended to the government's objections, the Crime Lab's testing protocol "would not lead to a false positive for cocaine even if the reference material used for mass spectral comparison was adulterated or completely substituted."[7] The Court finds Mr. Foster's testimony persuasive, and concurs with the government's objection on this topic. The FRR's contrary finding is rejected.

*3. Applicability of United States v. Ruiz*

---

[4] Docket 135 at 3–4.

[5] *See* FRR at 12–13.

[6] FRR at 8.

[7] Docket 135-1 at 3, ¶ 4(e).

Case No. 3:09-cr-00106-SLG, *United States v. Dollison*
Order re Final Report and Recommendation regarding Habeas Corpus Petition under 28 U.S.C. § 2255 [Docs. 75, 91, 108, 121]
Page 3 of 9

The government next objects to the FRR's holding that *United States v. Ruiz*, 536 U.S. 622 (2002), does not apply to this case. The government maintains that pursuant to *Ruiz*, it would not have been required to disclose Mr. Palmer's conduct prior to Mr. Dollison's plea even if it had knowledge of that conduct.[8] The FRR disagrees, finding *Ruiz* inapplicable because it was concerned with the government's obligation "to disclose *impeachment* information relating to any informants or . . . witnesses."[9] The Magistrate Judge reasoned that a lab personnel's tampering with drug evidence and reference samples constitutes more than impeachment evidence, but is instead "information [that might] establish[] the *factual* innocence of [a] defendant."[10]

The government observes that Mr. Dollison is not claiming actual innocence.[11] Moreover, as noted above, the Court is not adopting the Magistrate Judge's finding that there could hypothetically have been a false positive if Mr. Dollison pretended to sell cocaine, but actually sold 100% inositol, and Mr. Palmer had adulterated the reference sample with 100% inositol as well.[12] Therefore, any such adulteration by Mr. Palmer could not establish factual innocence, but would

---

[8] Docket 135 at 5–6.

[9] FRR at 14 (citing *Ruiz*, 536 U.S. at 625).

[10] FRR at 15 (emphasis and alterations in the original) (citing *Ruiz*, 536 U.S. at 631).

[11] Docket 135 at 5 (citing Docket 121).

[12] *See* FRR at 13.

Case No. 3:09-cr-00106-SLG, *United States v. Dollison*
Order re Final Report and Recommendation regarding Habeas Corpus Petition under 28 U.S.C. § 2255 [Docs. 75, 91, 108, 121]
Page 4 of 9

be impeachment information. The Court agrees with the government's objection on this point. This case is controlled by *Ruiz*, and the government was not obligated to disclose Mr. Palmer's misconduct to the defense prior to Mr. Dollison's guilty plea.[13]

*4. Chain of custody*

The government's final objection is to the FRR's finding that the government's evidence to the Magistrate Judge does "not establish a sufficient 'chain of custody [to] demonstrate that [the reference sample used in the Dollison testing] was the same as the sample [the DEA] tested.'"[14]

The Foster affidavit appended to the government's objections aims to set forth a chain of custody for the reference sample used in Mr. Dollison's case, from its testing in Alaska in 2009 to its testing by the DEA in 2014.[15] The Court has reviewed that affidavit,[16] but based on its review of the entire record, the Court adopts the Magistrate Judge's conclusion that "this Court cannot completely rule out the possibility of Palmer's tampering with the Dollison evidence, the associated

---

[13] *See* 536 U.S. at 633 (holding that "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant").

[14] FRR at 8 (alterations in original) (quoting *United States v. Mitchell*, 816 F.3d 865, 872 (D.C. Cir. 2016)).

[15] Docket 135-1 at 4–5, ¶ 5.

[16] Docket 135-1 at 5, ¶ 5(j).

Case No. 3:09-cr-00106-SLG, *United States v. Dollison*
Order re Final Report and Recommendation regarding Habeas Corpus Petition under 28 U.S.C. § 2255 [Docs. 75, 91, 108, 121]
Page 5 of 9

reference sample, or both."[17]

### 5. *Effect of Kyles v. Whitley*

Mr. Dollison objects to the FRR's holding that Mr. Palmer's concealment of his tampering did not constitute suppression of evidence pursuant to *Kyles v. Whitley*, 514 U.S. 419 (1995). Mr. Dollison argues that under *Kyles*, information withheld by government actors, for whatever reason, must be imputed to the prosecution.[18] He maintains that the government bears the burden of uncovering that information.[19] The FRR disagrees, concluding that this argument would result "in a sort of infinite regression" by requiring prosecutors to investigate every government agent involved in a case.[20] The Magistrate Judge reasoned that Mr. Palmer's conduct was not governed by *Kyles* because he "did not withhold his conduct in an effort to thwart the defense's case, but rather in an effort to avoid the consequences of his drug abuse and theft."[21]

The Court finds that *Kyles* is not controlling, but for reasons other than those articulated by the Magistrate Judge. The Court agrees with Mr. Dollison's assertion that the "defense does not bear the burden of proving *why* exculpatory

---

[17] FRR at 8.

[18] Docket 136 at 1–3.

[19] Docket 136 at 2–3.

[20] FRR at 6.

[21] *Id.* (comparing *Kyles v. Whitley*, 514 U.S. 419, 438–40 (1995)).

Case No. 3:09-cr-00106-SLG, *United States v. Dollison*
Order re Final Report and Recommendation regarding Habeas Corpus Petition under 28 U.S.C. § 2255 [Docs. 75, 91, 108, 121]
Page 6 of 9

evidence is suppressed," such that the prosecution's ignorance of Mr. Palmer's tampering is immaterial under *Brady v. Maryland*.[22] To the extent that the FRR reasoned to the contrary, the Court rejects that analysis. Nonetheless, as discussed above, the prosecution had no obligation to disclose this impeachment information to Mr. Dollison prior to his guilty plea.[23]

### 6. Post hoc evidentiary issues

Finally, Mr. Dollison asserts that two evidentiary issues arose after Magistrate Judge Scoble issued his FRR. He requests this Court to vacate the FRR and allow him to conduct additional discovery.[24]

#### a. The Dym and Foster affidavits

The Magistrate Judge authorized limited discovery in this case, permitting Mr. Dollison to address interrogatories to Orin Dym, the manager of the state crime lab.[25] In an affidavit, Mr. Dym stated that the reference sample had been tested by the DEA in 2014 and found not to be adulterated.[26] The Foster affidavit, attached to the government's objections to the FRR, states that the reference was

---

[22] Docket 136 at 2 (emphasis in original).

[23] *See United States v. Ruiz*, 536 U.S. 622, 633 (2002) ("[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant.").

[24] Docket 136 at 6.

[25] *See* Docket 113 at 18–19.

[26] Docket 117-1 at 4, 6.

Case No. 3:09-cr-00106-SLG, *United States v. Dollison*
Order re Final Report and Recommendation regarding Habeas Corpus Petition under 28 U.S.C. § 2255 [Docs. 75, 91, 108, 121]
Page 7 of 9

tested twice in 2014—once by NMS Laboratories and once by the DEA—returning different results.[27] Mr. Dollison argues that the Dym affidavit was substantially misleading because it did not disclose the NMS Laboratories test.[28]

### b. DEA analyst Sarah Pillard

Sarah C. Pillard, the DEA analyst who tested the reference sample in 2014, was arrested in August 2017 for allegedly "embezzling" Oxycodone from the DEA lab.[29] The Foster affidavit states that the crime lab learned of this on October 6, 2017.[30] The government disclosed this fact in its May 6, 2019 objections to the FRR.[31] Mr. Dollison argues that the "belated disclosure of this information" constitutes a bad faith effort to "avoid additional inquiry."[32] He contends that the failure to timely disclose the arrest of Ms. Pillard is itself a *Brady* violation.[33]

The Court finds that additional discovery is not warranted by either issue, because any tampering by Mr. Palmer that might have occurred would constitute impeachment evidence, disclosure of which was not required prior to the entry of

---

[27] *See* Docket 135-1 at 4-5, ¶ 5(d), (e), (g).

[28] Docket 136 at 4–5.

[29] Docket 135-1 at 38.

[30] Docket 135-1 at 5, ¶ 5(j).

[31] *See* Docket 135 at 6.

[32] Docket 136 at 5.

[33] Docket 138 at 3–4 (response to government's objections).

Case No. 3:09-cr-00106-SLG, *United States v. Dollison*
Order re Final Report and Recommendation regarding Habeas Corpus Petition under 28 U.S.C. § 2255 [Docs. 75, 91, 108, 121]
Page 8 of 9

a guilty plea.[34]

**CONCLUSION**

In light of the foregoing, the Magistrate Judge's Final Report and Recommendation is accepted in part and rejected in part, as set forth herein. IT IS ORDERED that Mr. Dollison's Habeas Corpus Petition and Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255 at Dockets 75 and 91, respectively, are DENIED. The Clerk of Court is directed to enter a final judgment accordingly.

The Court further finds that Mr. Dollison has not made the requisite substantial showing of the denial of a constitutional right, and therefore a certificate of appealability will not be issued by this Court. [35] Mr. Dollison may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 3rd day of October, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[34] *See United States v. Ruiz*, 536 U.S. 622, 633 (2002) ("[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant.").

[35] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made "substantial showing of the denial of a constitutional right," *i.e.*, showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:09-cr-00106-SLG, *United States v. Dollison*
Order re Final Report and Recommendation regarding Habeas Corpus Petition under 28 U.S.C. § 2255 [Docs. 75, 91, 108, 121]
Page 9 of 9